DocuSign Envelope ID: 24EA450A-CF5A-4FE1-93D4-CCF0AC159F16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTI L., et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>NATIONAL AIR AND SPACE MUSEUM, et al.,<br><br>      Defendants. | Civil Action No. 23-0335 (ABJ) |

**<u>VOLUNTARY STIPULATION OF SETTLEMENT, RELEASE, AND DISMISSAL</u>**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs Kristi L. on behalf of herself and her minor child, T.L., Christina Mills, Patrick Murphy, Mary H., Jane Kihne, Kathleen Kihne, Morgan Mills, Sue K. on behalf of her minor child, J.K., Peter H. on behalf of his minor child O.H., Laurie T. on behalf of her minor child, B.T., and Christopher Morris (the "Plaintiffs") and Defendants the National Air and Space Museum ("Museum"), Christopher Browne, in his official capacity as Director of the Museum, Office of Protection Services, and Mark Wallace, in his official capacity as Director of Office of Protection Services (the "Defendants") (collectively, the "Parties") respectfully stipulate to resolve the above-captioned matter brought under the First and Fifth Amendments to the U.S. Constitution, and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1, on the terms set forth in this Stipulation.

1.      The Parties, as well as non-parties Michael Commerford, Flavia V. on behalf of her minor child, V.V., Michelle R. on behalf of her minor child, L.W., and Heidi Langowski (the "Potential Plaintiffs") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to this civil action under the terms and conditions set forth in this Stipulation.

2. In consideration of Plaintiffs' and the Potential Plaintiffs' agreement to settle each and every claim of any kind relating to this civil action, Defendants agree to pay the sum of $50,000 (fifty thousand dollars) (the "Settlement Amount"), which sum shall be in full and final settlement and satisfaction of any and all claims by Plaintiffs and Potential Plaintiffs for attorney's fees, expenses, costs, and interest on those sums in connection with this matter. The Settlement Amount shall be made by an electronic funds transfer following Plaintiffs and the Potential Plaintiffs providing the payment information necessary to process payment.

3. The Parties and Potential Plaintiffs further agree that Director Browne or his successor shall provide a tour of the Museum on one day, at a time and date to be mutually determined by the Parties and Potential Plaintiffs, to Plaintiffs and Potential Plaintiffs who are able to attend. For those Plaintiffs or Potential Plaintiffs who are unable to attend, Director Browne or his successor will provide an apology via Zoom, Webex, or other video calling software platform, at a time to be mutually determined by the Parties and Potential Plaintiffs.

4. The Parties and Potential Plaintiffs further agree that Plaintiffs or their counsel may disseminate the pro-life hat incident after action report as previously redacted.

5. The Parties and Potential Plaintiffs further agree that Director Wallace will provide an apology via Zoom, Webex, or other video calling software platform at a time to be mutually determined by the Parties and Potential Plaintiffs.

6. Defendants represent that the Smithsonian Institution has conducted a thorough investigation of the events that transpired on January 20, 2023. In doing so, Defendants confirm that Smithsonian officials have identified and spoken with any and all Office of Protection Services officers who are known to have been involved in or participated in the events alleged, as well as

with Allied Universal Security Services regarding their officers' involvement in the direction for Plaintiffs to remove their hats.

7. Defendants further represent that at no time did they or, to the best of their knowledge, any other Smithsonian official receive any verbal or written instruction, memorandum, or notice of any kind from any member of the U.S. government's executive branch, or any U.S. federal agency, department, agent or official instructing Smithsonian or Smithsonian contractor security officers to be on the look-out for and/or prohibit any visitor from displaying political or religious messaging, including anti-abortion or pro-life messaging, except for communications that are routinely sent providing notice any time there is a planned demonstration on the National Mall, or as otherwise identified in the redacted declaration of the officer that is attached to this Stipulation as Appendix A.

8. Upon filing this Stipulation with this Court, the Parties shall simultaneously file a joint motion requesting that the Court enter the proposed consent order attached to this Stipulation as Appendix B. The Parties and Potential Plaintiffs need not comply with the terms and conditions set forth in the proposed consent order unless and until the Court grants the Parties' joint motion to enter the Parties' proposed consent order.

9. The Smithsonian shall further reiterate via a bulk distribution method to all security officers stationed at all Smithsonian museums open to the public and the National Zoological Park, the current Smithsonian policy regarding the wearing of hats or other types of clothing with messages, including religious and political speech.

10. Within forty-five days of the execution of this Stipulation by the Parties and Potential Plaintiffs (or, in the event of a government shutdown during that period, within forty-five days of the end of the government shutdown), Defendants agree to make available for

Plaintiffs', the Potential Plaintiffs, and their counsel's viewing, during a video call via Zoom, Webex, or other video calling software platform, available footage of the events that occurred on January 20, 2023, at the Museum involving the Plaintiffs and which are described by Plaintiffs in the Complaint in this matter filed on February 6, 2023.  Plaintiffs and the Potential Plaintiffs agree to work with Defendants on a date and time that is mutually agreeable to all involved to view the available video footage.  Once the Parties and Potential Plaintiffs agree on a date and time to view the available footage pursuant to this paragraph, Defendants shall provide undersigned counsel for Plaintiffs an online invitation for Plaintiffs, the Potential Plaintiffs, and their counsel to attend a video call via Zoom, Webex, or other video calling software platform to view the available video footage pursuant to this paragraph. Plaintiffs and the Potential Plaintiffs agree that only Plaintiffs, the Potential Plaintiffs, and Plaintiffs' counsel appearing in the signature block below shall be invited by Defendants to view the available video footage pursuant to this paragraph.  Plaintiffs, the Potential Plaintiffs, and their counsel agree not to record, either via video, audio, or any other means, any of the video footage they view pursuant to this paragraph.

11.     Defendants further affirm that the information provided herein and representations made to Plaintiffs in Appendix A are consistent with the pro-life hat incident after action report and video footage.

12.     Plaintiffs, the Potential Plaintiffs, and their guardians, heirs, executors, administrators, or assigns hereby agree to accept the sums set forth in this Stipulation in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the subject matter that gave rise to the above-captioned action, including

any future claim or lawsuit of any kind or type whatsoever, whether known or unknown. Plaintiffs, the Potential Plaintiffs, and their guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify, and hold harmless the United States, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs, the Potential Plaintiffs, or their guardians, heirs, executors, administrators, or assigns against any third party or against the United States.

13. This Stipulation is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs or the Potential Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendants or the United States or any of their present or former officials, employees, or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

14. This Agreement contains the entire agreement between the Parties and Potential Plaintiffs hereto and supersedes all previous agreements, whether written or oral, relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection herewith.

15. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver, or by such party's counsel.

16. The Parties and Potential Plaintiffs acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

17. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

18. In the event that any of the Plaintiffs or Potential Plaintiffs is a minor or a legally incompetent adult, those Plaintiffs or Potential Plaintiffs must obtain Court approval of the settlement at Plaintiffs' expense. Such Plaintiffs or Potential Plaintiffs, if any, agree to obtain such approval in a timely manner: time being of the essence and notify Defendant's counsel, via email, the instant approval is acquired. Such Plaintiffs or Potential Plaintiffs, if any, further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event such Plaintiffs or Potential Plaintiffs, if any, fail to obtain such Court approval, this entire Stipulation, and the compromise settlement set forth herein, is null and void.

19. The Parties and Potential Plaintiffs agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs and the Potential Plaintiffs expressly consent to such release and disclosure pursuant to the Privacy Act, 5 U.S.C. § 552a(b), and the Freedom of Information Act.

20. This Stipulation may be executed in counterparts. All such counterparts and signature pages, together, shall be deemed to be one document.

21. No provision of this Settlement Agreement shall be interpreted to constitute a commitment or requirement that Defendants expend funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable statute that restricts Defendants' ability to remit the Settlement Amount to Plaintiffs or Potential Plaintiffs due to a lapse in or insufficient appropriations from Congress.

22. The filing of this Stipulation with the Court shall effect a dismissal of this action with prejudice with each party to pay their own costs and fees as set forth herein.

<REMAINDER OF PAGE LEFT BLANK; SIGNATURE PAGES TO FOLLOW>

- 8 -

FOR DEFENDANTS:

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ *Douglas C. Dreier*        Mar. 12, 2024
    DOUGLAS C. DREIER, D.C. Bar #1020234    Date
    ERIKA OBLEA, D.C. Bar #1034393
    Assistant United States Attorneys
    601 D Street, NW
    Washington, DC 20530
    202-252-2567
    Douglas.dreier@usdoj.gov
    Erika.oblea@usdoj.gov

*Attorneys for the United States of America*

FOR PLAINTIFFS:

_[signature]_                                    3/13/2024
KRISTI L.                                        Date
*Plaintiff*

_[signature]_                                    3/13/2024
T.L.                                             Date
*Plaintiff*

_[signature: Christina Mills]_                   3/13/2024
CHRISTINA MILLS                                  Date
*Plaintiff*

_[signature: Patrick Murphy]_                    3/18/2024
PATRICK MURPHY                                   Date
*Plaintiff*

_[signature: MaryTerese Hinton]_    MH  3/2024
MARY H.                                          Date
*Plaintiff*

_[signature: Jane Kihne]_                        3/14/2024
JANE KIHNE                                       Date
*Plaintiff*

_[signature: Kathleen Kihne]_                    3/14/2024
KATHLEEN KIHNE                                   Date
*Plaintiff*

_[signature: Morgan Mills]_                      3/13/2024
MORGAN MILLS                                     Date
*Plaintiff*

- 9 -

*Sue Kinkade*      3/13/2024

Sue K.      Date
*Plaintiff*

*J.K.*      3/18/2024

J.K.      Date
*Plaintiff*

     3/14/2024

PETER H.      Date
*Plaintiff*

     3/14/2024

O.H.      Date
*Plaintiff*

*Laurie T.*      3/13/2024

LAURIE T.      Date
*Plaintiff*

*B*      3/13/2024

B.T.      Date
*Plaintiff*

     3/13/2024

CHRISTOPHER MORRIS      Date
*Plaintiff*

*Michael Commerford*      3/14/2024

MICHAEL COMMERFORD      Date
*Potential Plaintiff*

*W*      3/13/2024

V.V.      Date
*Potential Plaintiff*

- 10 -

| | |
|---|---|
| *Flavia V.* (signed) | 3/13/2024 |
| Flavia V. | Date |
| *Potential Plaintiff* | |
| (signed) | 3/13/2024 |
| L.W. | Date |
| *Potential Plaintiff* | |
| *Michelle R.* (signed) | 3/13/2024 |
| Michelle R. | Date |
| *Potential Plaintiff* | |
| *Heidi Langowski* (signed) | 3/13/2024 |
| HEIDI LANGOWSKI | Date |
| *Potential Plaintiff* | |

THE AMERICAN CENTER FOR LAW AND JUSTICE
JAY ALAN SEKULOW
(D.C. Bar No. 496335)
JORDAN SEKULOW
(D.C. Bar No. 991680)
STUART J. ROTH
(D.C. Bar No. 475937)
CHRISTINA (STIERHOFF) COMPAGNONE
(D.C. Bar No. 1657929)
OLIVIA F. SUMMERS
(D.C. Bar No. 1017339)

By: *[signature]*     3/13/2024

BENJAMIN P. SISNEY          Date
(D.C. Bar No. 1044721)
201 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org

ABIGAIL SOUTHERLAND
(TN. Bar. No. 026608)
625 Bakers Bridge Ave., Suite 105-121
Franklin, Tennessee 37067
Tel. 615-599-5572
Fax: 615-599-5180
Email: asoutherland@aclj.org

*Counsel for Plaintiffs*